| | |
|---|---|
| 1 | Stephen M. Doniger (SBN 179314) |
| | stephen@donigerlawfirm.com |
| 2 | Scott A. Burroughs (SBN 235718) |
| 3 | scott@donigerlawfirm.com |
| | Trevor W. Barrett (SBN 287174) |
| 4 | tbarrett@donigerlawfirm.com |
| 5 | Justin M. Gomes (SBN 301793) |
| | jgomes@donigerlawfirm.com |
| 6 | DONIGER / BURROUGHS |
| 7 | 603 Rose Avenue |
| | Venice, California 90291 |
| 8 | Telephone: (310) 590-1820 |
| 9 | Attorneys for Plaintiff |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| vs. | 1. COPYRIGHT INFRINGEMENT; |
| CANN STUDIO, INC., individually and d/b/a Oboe, a California Corporation; ROSS STORES, INC., individually and d/b/a DD's Discounts, a Delaware Corporation; THE TJX COMPANIES, INC., individually and d/b/a Marshalls, a Delaware Corporation; TOGETHERBE LLC, individually and d/b/a R2D, a Colorado Limited Liability Company; and DOES 1 through 10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> Jury Trial Demanded |
| Defendants. | |

- 1 -

COMPLAINT

Plaintiff, UNICOLORS, INC. (hereinafter "UNICOLORS"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff UNICOLORS is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that CANN STUDIO, INC., individually and doing business as "OBOE" (collectively "CANN"), is a corporation organized and existing under the laws of the State of California with its principal place of business located at 735 East 12th Street #3, Los Angeles, California 90021.

6. Plaintiff is informed and believes and thereon alleges that ROSS STORES, INC., individually and doing business as "DD'S DISCOUNTS" (collectively "ROSS"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5130 Hacienda Drive Dublin, CA 94568 and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that THE TJX COMPANIES, INC., individually and doing business as "MARSHALL'S"

1  (collectively "TJX"), is a corporation organized and existing under the laws of the
2  State of Delaware with its principal place of business located at 770 Cochituate
3  Road, Framingham, Massachusetts 01701, and is doing business in and with the
4  State of California.
5     8. Plaintiff is informed and believes and thereon alleges that TOGETHERBE
6  LLC, individually and doing business as "R2D" (collectively "TOGETHERBE"), is
7  a limited liability company organized and existing under the laws of the State of
8  Colorado with its principal place of business located at 777 South Pearl Street,
9  Denver, Colorado 80209, and is doing business in and with the State of California.
10    9. Plaintiff is informed and believes and thereon alleges that some of
11 Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of
12 garments to named Defendant, which DOE Defendants have manufactured and/or
13 supplied and are manufacturing and/or supplying garments comprised of fabric
14 printed with Plaintiff's copyrighted designs (as hereinafter defined) without
15 Plaintiff's knowledge or consent or have contributed to said infringement. The true
16 names, whether corporate, individual or otherwise of Defendants DOES 1-5,
17 inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants
18 by such fictitious names and will seek leave to amend this complaint to show their
19 true names and capacities when same have been ascertained.
20    10. Defendants DOES 6 through 10, inclusive, are other parties not yet
21 identified who have infringed Plaintiff's copyrights, have contributed to the
22 infringement of Plaintiff's copyrights, or have engaged in one or more of the
23 wrongful practices alleged herein. The true names, whether corporate, individual or
24 otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to
25 Plaintiff, which therefore sues said Defendants by such fictitious names, and will
26 seek leave to amend this Complaint to show their true names and capacities when
27 same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN CTE1158

12. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name CTE1158 (hereinafter "Subject Design"). This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times, was owned exclusively by Plaintiff.

13. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

15. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

16. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design, CANN, ROSS, TJX, TOGETHERBE, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of

fabric bearing an unauthorized reproduction of Subject Design ("Subject Product"). Such Subject Product includes but is not limited to:

    a. Garments sold by ROSS under, inter alia, SKU 400125010173. Such Subject Product bore the RN 108299, indicating said garments were manufactured by, caused to be manufactured by, or supplied by CANN. It is apparent from a comparison of the Subject Design and a ROSS Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar. See below for a comparison of one such Subject Product and the Subject Design:

| Subject Design | ROSS Infringing Garment |
|---|---|
|  | Garment Detail |
|  |  |

    b. Garments sold at TJX under, inter alia, SKU 050330685. Such Subject Product bore the RN 121889, indicating said garments were

manufactured by, caused to be manufactured by, or supplied by TOGETHERBE.  It is apparent from a comparison of the Subject Design and a TJX Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design:



### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

17. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

21. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants

through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 15, 2016         By: */s/ Scott Alan Burroughs*
                                 Scott Alan Burroughs, Esq.
                                 DONIGER / BURROUGHS
                                 Attorneys for Plaintiff
                                 UNICOLORS, INC.